Jonny WASHINGTON, Petitioner–Appellant,

v.

Harold D. GRAHAM, Superintendent, Respondent–Appellee.

No. 07–5023–pr.

United States Court of Appeals, Second Circuit.

Dec. 9, 2009.

Monica R. Jacobson, New York, NY, for Appellant.

Ashlyn Dannelly (Andrew Cuomo, Barbara D. Underwood, Roseann B. MacKechnie, and Ashlyn Dannelly, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, PETER W. HALL, Circuit Judge, J. GARVAN MURTHA, District Judge.*

### SUMMARY ORDER

Jonny Washington petitions this Court for a writ of habeas corpus on the ground that his sentence in a New York State Supreme Court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Washington was sentenced under New York's persistent violent felony offender statute. *See* N.Y. Penal Law § 70.08(1)(a). That statute provides for an enhanced sentence if the defendant was convicted of two or more prior violent felonies within ten years of the commission of the instant offense, though that ten-year period is tolled by any period of incarceration. *Id.* § 70.04(b)(iv), (v). Only the court—not a jury—can determine whether the requirements for an enhanced sentence are met. N.Y.Crim. Proc. Law §§ 400.16(2), 400.15(7)(a).

Washington contends that this regime violates *Apprendi*, which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at

---

* J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

490, 120 S.Ct. 2348. But *Apprendi* exempts from this requirement "the fact of a prior conviction." *Id.* The question presented by the petitioner is whether *Apprendi*'s prior conviction exception permits a sentencing court to conduct the tolling analysis required by the statute.

We need not decide that question. We can grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Applying that standard, we must deny relief. *Cf. United States v. Santiago,* 268 F.3d 151, 153, 156 (2d Cir.2001) (holding that a district court's finding that prior convictions occurred on separate occasions falls within the prior conviction exception); *id.* at 156 (explaining that the prior conviction exception includes within its scope the "who, what, when, and where" of a prior conviction); *see also United States v. Fagans,* 406 F.3d 138, 141–42 (2d Cir.2005).

Finding no merit in Washington's remaining arguments, we hereby **AFFIRM** the judgment of the district court.